1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN TEETS,                              No.  2:14-cv-1360 KJM DAD

12                    Plaintiff,

13         v.                                  ORDER

14    GREAT-WEST LIFE & ANNUNITY
      INSURANCE COMPANY,
15
                      Defendant.
16

17

18            Defendant's motion to transfer this case to the District of Colorado is pending

19    before the court.  ECF No. 15.  In accordance with this court's standing order, the motion

20    includes counsel's certification that he conferred telephonically with plaintiffs' counsel but they

21    were unable to resolve the issues presented by this motion.  *Id*. at 2.  Nevertheless, on August 4,

22    2014, plaintiff filed a non-opposition to the motion to transfer.  ECF No. 17.  The court ordered

23    the motion submitted without argument and now GRANTS it.

24    I.  BACKGROUND

25            On June 4, 2014, plaintiff filed this putative class action complaint against

26    defendant alleging generally that he and other class members were participants in and

27    beneficiaries of defined contribution employee benefit plans within the meaning of ERISA,

28    29 U.S.C. § 1002(2)(A), with funds invested in the Great-West Key Guaranteed Portfolio Fund

1

1   (KGPF), and that defendant set its own compensation as service provider to retirement plans and

2   collected unreasonable and excessive fees.  The complaint consists of two causes of action:

3   (1)  breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1132(a)(2) and (a)(3); and (2) engaging

4   in prohibited transactions forbidden by ERISA, 29 U.S.C. § 1106(b).  ECF No. 1.

5   II.  MOTION TO TRANSFER VENUE

6       A.  Standard

7       A court considering a motion to transfer venue must determine whether venue is

8   proper in this district; whether plaintiff could have brought the action in the transferee district;

9   and whether the transfer will promote convenience and fairness.  *Stewart Org., Inc. v. Ricoh*

10  *Corp*., 487 U.S. 22, 29 (1988); *Hoffman v. Bilaski*, 363 U.S. 335, 343–44 (1960); *Costco*

11  *Wholesale Corp. v. Liberty Mut. Ins. Co*., 472 F. Supp. 2d 1183, 1189–90 (S. D. Cal. 2007).

12      "Section 1404(a) is intended to place discretion in the district court to adjudicate

13  motions for transfer according to an 'individualized, case-by-case consideration of convenience

14  and fairness.'"  *Stewart Org*., 487 U.S. at 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622

15  (1964)).  "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not

16  concern the issue 'whether and where' an action may be properly litigated.  It relates solely to the

17  question where, among two or more proper forums, the matter should be litigated to best serve the

18  interests of judicial economy and convenience to the parties."  *Injen Tech. Co., Ltd. v. Advanced*

19  *Engine Mgmt*. *Inc.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003) (citations omitted).

20      In determining whether transfer is proper, the court must "balance the preference

21  accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."

22  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations

23  omitted).  "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three

24  elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of

25  justice."  *Safarian v. Maserati N. Am., Inc*., 559 F. Supp. 2d 1068, 1071 (C. D. Cal. 2008)

26  (citations omitted).  It is a defendant's burden to show that transfer is appropriate.  *Decker Coal*

27  *Co*., 805 F.2d at 843.

28  /////

2

1    Defendant has presented evidence showing that it is a Colorado corporation with

2  its headquarters and principal place of business in Greenwood Village, Colorado, and that the key

3  employees with information about the issues raised in the complaint are based in Colorado.

4  Decl. of Sara Richman, ECF  No. 15-1 ¶¶ 2–16.  Richman also avers the majority of the

5  documents related to the KGPF are located in Colorado.  *Id*. ¶ 19.  Defendant acknowledges that

6  plaintiff is a resident of Auburn, California, but says no other factor favors venue in this district.

7    A.  Venue in the Transferee and Transferor Courts

8    Under ERISA, a case may be brought "in the district where the plan is

9  administered, where the breach took place, or where a defendant resides or may be found . . . ."

10  32 U.S.C. § 1132(e)(2).  Courts liberally construe these provisions to find that a breach occurs

11  where the plan participant expects to receive benefits.  *Smart v. Sw. Carpenters Pension Plan*,

12  No. 6:13–CV–02002–AA, 2014 WL 412568, at *1 (D. Or. Jan. 30, 2014).  As plaintiff resides in

13  Auburn, he expected to receive benefits in this district, making venue proper in this court.

14  Moreover, as defendant resides in Colorado, where the plan is administered, venue is also proper

15  in that court.

16    B.  Other Factors

17    As defendant observes, plaintiff's choice of forum is entitled to little weight when

18  he purports to act as the representative of a nationwide class.  *Tittl v. Hilton Worldwide, Inc*.,

19  No. 1:12-cv-02040 LJO JLT, 2013 WL 1087730, at *3 (E.D. Cal. Mar. 14, 2013).  In addition,

20  defendants have shown that those with information about the manner in which the credited rate

21  was set are based on Colorado, a factor that strongly favors a change of venue.  *Mays v. Haas*,

22  No. 2:12-cv-1791 MCE DAD, 2013 WL 4010293, at *4 (E.D. Cal. Aug. 5, 2013) (stating

23  convenience of the witnesses is usually the most important factor).  This supports defendant's

24  motion.

25    Defendant has also presented evidence that, not unsurprisingly given the caseloads

26  in this district, cases move more quickly to disposition and trial in the District of Colorado than in

27  this district, a factor suggesting that a transfer will serve the interest of justice.  Decl. of Daniel R.

28  Thies, Ex. 2, ECF No. 15-4 (chart of median time intervals from filing to disposition of civil cases

3

in the district courts).  Moreover, as the complaint raises only two claims based on ERISA, there is no need to litigate in a court with expertise in local law, another factor favoring transfer.

Accordingly, after balancing the necessary factors, the court GRANTS the motion to transfer and ORDERS the case transferred to the District of Colorado.

IT IS SO ORDERED.

DATED:  August 20, 2014.

_____
UNITED STATES DISTRICT JUDGE

4